**Shuchao DENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73764.
Agency No. A96–361–000.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Vaughan De Kirby, San Francisco, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan Houser, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM**

Shuchao Deng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir.2004). We grant the petition and remand.

Substantial evidence does not support the IJ's adverse credibility determination. The IJ's credibility determination was based on minor inconsistencies between Deng's testimony and two documents, which the IJ had excluded from the record. The IJ's finding that Deng's testimony was inconsistent with the police summons, regarding the manner of her summons, is not supported by substantial evidence because Deng was not afforded an opportunity to explain the perceived inconsistency. *See id.* at 1200. Furthermore, the inconsistency between Deng's testimony and the medical document is minor and cannot be viewed as an attempt to enhance Deng's claim of persecution. *See Singh v. Ashcroft,* 362 F.3d 1164, 1170–71 (9th Cir.2004).

We grant the petition for review and remand to the BIA to address the merits of Deng's claim. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

